09-4932-cv
Roussin v. AARP

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> DENNY CHIN,
>     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUCILLE A. ROUSSIN, on behalf of herself and all others similarly situated,

*Plaintiff-Appellant,*

v.                                                                 No. 09-4932-cv

AARP, AARP INSURANCE PLAN, ROBERT G. ROMASCO, CHARLES E. REED, JOANNE HANDY, A. JAMES "JIM" FORBES, JR., CORA L. CHRISTIAN, RICHARD JOHNSON, T. BYRON THAMES, WILLIAM HALL,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**           JUDITH LYNN SPANIER, Abbey Spanier Rodd & Abrams, LLP, New York, New York.

1

**FOR APPELLEES:**          MICHAEL D. HAYS, Dow Lohnes PLLC, Washington, D.C. (Daniel D. Prichard and J. Parker Erkmann, Dow Lohnes PLLC, Washington, D.C., and Michael R. Shuster, Senior Associate General Counsel, AARP, Washington, D.C., *on the brief*).

Appeal from a September 30, 2009 judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Plaintiff-appellant Lucille A. Roussin obtained health insurance through the AARP Insurance Plan, a trust created by AARP, Inc. to provide health insurance to AARP members. Roussin brought this purported class action asserting claims of breach of fiduciary duty against AARP, Inc., the AARP Insurance Plan, and the Plan's trustees (collectively "defendants"). She alleges, principally, that defendants were grossly negligent and breached their fiduciary duties by charging health insurance rates that included an "allowance to AARP for its sponsorship of the insurance program and for use of AARP trademarks and services." *Roussin v. AARP, Inc.*, 664 F. Supp. 2d 412, 413-14 (S.D.N.Y. 2009).

The District Court dismissed Roussin's complaint on the ground that it was barred by the Filed Rate Doctrine, which "'bars suits against regulated utilities grounded on the allegation that the rates charged by the utility are unreasonable.'" *Id.* at 415 (quoting *Wegoland Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994)). The District Court observed that the AARP Insurance Plan rates had been approved by the New York State Department of Insurance (NYSDI). *Id.* at 415. The Court also noted that "New York courts have routinely applied the filed rate doctrine to bar plaintiffs' claims seeking the recovery of insurance premiums that have been approved by the NYSDI." *Id.* at 416 (collecting cases). The Court held, as a result, that the filed rated doctrine barred this action because Roussin's claims were "all premised upon an underlying challenge to [the AARP Insurance Plan] rates." *Id.* at 416.

Roussin filed a timely appeal. We assume the parties' familiarity with the underlying facts, the procedural history of this action, and the issues raised on appeal.

We conduct a *de novo* review of an order dismissing claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *Stuto v. Fleishman*, 164 F.3d 820, 824-25 (2d Cir. 1999). Undertaking that review, we affirm the dismissal of this action for substantially the reasons set forth in the District Court's well-reasoned opinion.

2

**CONCLUSION**

For the foregoing reasons, the September 30, 2009 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court